**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| EMBERY J. McBRIDE, | * | |
| Petitioner, | * | |
| VS. | * | CASE NO. 4:03-CV-181-1 (CDL) |
| | | 28 U.S.C. § 2254 |
| BRENDA MURRELL, Warden, | * | |
| and MILTON NIX, ET AL, | | |
| Respondents. | * | |

## RECOMMENDATION OF DISMISSAL

Petitioner McBride filed the above-styled action pursuant to 28 U.S.C. § 2254 on December 3, 2003. On February 25, 2004, this Court dismissed the Petitioner's challenge. On appeal, however, the Eleventh Circuit Court of Appeals remanded the case for the sole purpose of addressing Petitioner's denial of access to the courts claim on February 9, 2005. Thereafter, on May 2, 2005, the Respondents filed their Answer along with a Motion to Dismiss. Petitioner responded to that motion on May 23, 2005.

### Procedural History

Petitioner McBride is currently incarcerated pursuant to a jury conviction on May 6, 1986, in Muscogee County Superior Court, for the offenses of Rape and Aggravated Sodomy. His direct appeal to the Georgia Court of Appeals resulted in a reversal of several counts of which he had been convicted, but his sentence remained unchanged. He then filed a state habeas corpus action in the Superior Court of Dodge County (Case No. 90v-1893), which was denied on July 5, 1990. Petitioner's exhausted his State habeas corpus remedies

through appeal to the Georgia Supreme Court and then filed his first Application for Federal Writ of Habeas Corpus in this court, No. 90-101-COL (M.D. Ga. 1991), which was denied and appealed to the Eleventh Circuit Court of Appeals. The 11th Circuit affirmed this court's denial of Petitioner's application at 25 F.3d 962 (11th 1993), *cert. denied,* 513 U.S. 990 (1994).

Petitioner then filed an Extraordinary Motion For New Trial in the Muscogee County Superior Court which was denied on January 3, 2000. He filed a second state habeas corpus action in the Superior Court of Telfair County in 2000, which was denied on January 3, 2001. Petitioner McBride appealed that action, and, after denial of relief in the State courts, filed Application for Federal Writ of habeas corpus in this court as Case No. 4:02-CV-11. This second federal action in regard to his state conviction and sentence pursuant to 28 U.S.C. § 2254 was denied by Order of this court on August 23, 2002 as a successive petition. Petitioner appealed this denial of his second § 2254 Application for Federal Writ of Habeas Corpus and the Eleventh Circuit Court of Appeals denied his Motion for a Certificate of Appealability on December 13, 2002, and denied his Motion for Reconsideration on February 4, 2003, all as shown in Case No. 4:02-CV-11.

In this third[1] federal habeas corpus application, currently under review, this court recommended that Petitioner's action be dismissed, finding that "The manner and place which the Georgia Department of Corrections determines that Petitioner shall serve his state

---

[1] Petitioner has since filed a fourth § 2254 on March 9, 2005. That action is Case Number 4:05-CV-26.

sentence is a matter of State law and Regulation and does not present an issue of United States Constitutional violation or a violation of federal law cognizable in this court pursuant to 28 U.S.C. § 2254." Upon appeal, the Eleventh Circuit remanded the District Court's adoption of the Recommendation, holding that the only issue to be addressed is Petitioner's claim of denial of access to the courts.[2] The court held that, pursuant to *Clisby v. Jones,* all of Petitioner's claims for relief under § 2254 must be addressed by the District Courts. *Clisby v. Jones,* 960 F.2d 925, 938 (11th Cir. 1992)(en banc). The only issue relevant to this Recommendation, then, is that of Petitioner's claim of denial of access to the courts, analyzed below.

## DISCUSSION

Petitioner claims that a new form of punishment was imposed upon him during his incarceration in violation of his constitutional rights. (Petition, p. 8). He contends that the Prison's Standard Operating Procedure requiring that he repay the cost of legal supplies without due process violates his right of access to the courts. *Id.*

As was stated in the original Recommendation provided by this court, Title 28, United States Code, Section 2254 provides:

> (a) . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court **only** on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. (emphasis added).

Therefore, this court is not required to review the merits of a petition brought pursuant to

---

[2] Case No. 04-11249

28 U.S.C. § 2254 unless it challenges the constitutional validity of his state conviction. Petitioner's current habeas petition does not dispute his conviction, but merely challenges what he considers "a new form of punishment" applied by the Respondents which he claims was not stated in his original sentence. (Petition, p. 8).

In his Brief in response to Respondents' Motion to Dismiss, Petitioner contends that his petition is cognizable under § 2254 "because the new punishment that is being imposed upon Petitioner's confinement violates the constitution, laws or treaties of the United States." (Petitioner's Reply Brief, p. 2). Petitioner's contention, however, is incorrect. It is not the punishment which he may challenge in a petition brought under § 2254, but the conviction itself.

Additionally, it should be noted that this claim should properly have been brought under 42 U.S.C. § 1983, as a claim for denial of a constitutionally protected right. However, Petitioner McBride is barred from filing civil rights actions without paying the filing fee as he has filed three or more § 1983 cases which have been dismissed as frivolous.[3] Under the "three strikes" provision of the Prison Litigation Reform Act (PLRA), a prisoner is precluded from proceeding *in forma pauperis* if at least three prior-prison generated lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted (dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes).

---

[3] Case Numbers 7:95-CV-109; 1:98-CV-209; and 5:03-CV-178 have been dismissed as frivolous by the United States District Court of the Middle District of Georgia.

4

28 U.S.C. §1915(g); Fed.R.Civ.P. 12(b)(6); *see Rivera v. Allin,* 144 F.3d 719 (11th Cir. 1998).  As such, it appears that the Petitioner may be attempting to circumvent the "three strikes" rule requiring that he pay the $250 filing fee, by including this claim within a § 2254 petition.  Nevertheless, Petitioner's remaining claim in the petition *sub judice* should be dismissed as it is not a claim cognizable under 28 U.S.C. § 2254.  Petitioner's claim is likewise contradicted by the numerous actions he has filed and continues to file in this court.

**ACCORDINGLY**, **IT IS RECOMMENDATION** that the Respondents' Motion to Dismiss be **GRANTED** as to the sole remaining issue of whether the Petitioner was denied access to the courts.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 31st day of May, in the year 2005.

S/ G. MALLON FAIRCLOTH<br>UNITED STATES MAGISTRATE JUDGE

sWe